## Kapp's Estate.

Argued November 30, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

254

*Richard Henry Klein,* for appellant.

*Samuel Gubin,* of *Cummings & Gubin,* for appellees.

PER CURIAM, January 14, 1935:

Miss Anne G. Kapp, 72 years of age, died May 13, 1933, at her home in the Borough and County of Northumberland. On January 18, 1932, she executed a will bearing that date and later a codicil dated February 10, 1933. Subsequently, on April 17, 1933, she tore both instruments into small pieces and directed her nurse to take the fragments to the cellar and burn them in the furnace. Letters of administration were granted to Helen V. Kapp, a sister of decedent, on the theory that an intestacy had resulted. On March 5, 1934, M. W. Clement, a party in interest, filed petitions with the register of wills for the probate of an unexecuted copy of the above-mentioned torn will and codicil and for a citation directed to the administratrix and heirs of the estate to show cause why the letters of administration previously granted should not be revoked. On the same day Clement presented a petition to the orphans' court for an order in the nature of an injunction restraining the administratrix from taking any further steps in the administration of the estate. The principal averment of the petition was that decedent, at the time of tearing her will and codicil was "insane, the victim of delusions and mentally incompetent to tear to pieces, destroy or revoke said will and codicil and was of such unsound mind that she did not then have testamentary capacity . . . and that any tearing or destruction thereof by her . . . did not and could not operate in law to revoke the same. . . ." The entire

matter was certified to the orphans' court, and thereupon a restraining order was issued to the administratrix, directing her to hold the administration of the estate in statu quo. Testimony was taken on the petition for probate of the unexecuted instruments and on the petition to revoke the letters of administration, upon which the chancellor made findings of fact and conclusions of law contrary to the averments of the petitions. The decrees discharging (1) the rule for probate of the will and codicil, (2) the rule for revocation of letters, and (3) the restraining order, were affirmed by the court in banc, from which action an appeal to this court followed in each instance. These three appeals are here before us and may be conveniently disposed of together.

We are unable to agree with appellant's contention that there was insufficient evidence to support the finding of the court below that "at the time the testatrix tore up and destroyed the . . . will and codicil, she was of testamentary capacity and deliberately, knowingly and intentionally destroyed the said will and codicil." On the contrary, there was ample testimony which, if believed, showed that, on the day of the alleged revocation of her will, decedent was in full command of her intelligence, that she acted and talked in a perfectly rational manner, and that she tore her will to pieces with the intention of revoking it and with an understanding of the significance of her act. Although decedent frequently suffered from delirium or delusions at night, the doctor and nurses who attended her testified positively that in the daytime she was quite normal and acted and talked in an intelligent, rational manner. Testatrix comprehended the value of her estate and knew whom she desired to be the recipients of her bounty. We are clearly of opinion that on the day decedent tore her will into small pieces she possessed testamentary capacity sufficient for her act to constitute a revocation of the instrument.

Appellant also suggests that inasmuch as the torn fragments of the will and codicil were not burned as de-

cedent directed, but were saved and kept in an envelope without her knowledge, there was no valid revocation of the writings. This argument is based upon the fact that section 20a of the Wills Act of 1917 makes no mention of tearing as a means of accomplishing revocation. The section referred to reads as follows: "No will in writing, concerning any real estate, shall be repealed, nor shall any devise or directions therein be altered, otherwise than by some other will or codicil in writing, or other writing declaring the same, executed and proved in the manner hereinbefore provided, or by burning, cancelling, obliterating or destroying the same by the testator himself, or by someone in his presence and by his express direction." The question to be decided in the present case, then, is whether or not decedent's act of tearing her will constituted a destruction of it within the meaning of the act. In Evans's App., 58 Pa. 238, 244, we said: "Tearing into fragments is unquestionably destruction though the fragments may be reunited." The case cited involved the interpretation of the Statute of Wills of 1833, but the language of the relevant portion of that act is nearly identical with the provisions of the Act of 1917, quoted above. The act of tearing must, of course, be accompanied by the intention to revoke, but when the two elements are present, and the instrument is torn into many pieces, as was done in this case, it would be a strained and unnatural construction to hold that the will was not destroyed.

We need not consider appellant's assignments of error relating to the admission of testimony of lay witnesses concerning decedent's soundness of mind. Even if it be conceded that this testimony should have been excluded or at most was inconclusive, the result would not be altered, as there was an abundance of other evidence to sustain the court's findings.

The assignments of error are all overruled and the decrees of the court below are each affirmed, costs to be paid by appellant.